**RABINOWITZ, GALINA & ROSEN**
Attorneys at Law

April 26, 2022

**Via ECF**
Honorable LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

   Re: Zapata Osario et al. v. Vector Structural Preservation Corp. et al.
      Case No. 19-cv-04896 (LDH) (ST)

Dear Judge Hall,

   We represent Defendants Vector Structural Preservation Corp. (d/b/a Vector Structural Preservation) ("Vector"), Bill Handakas, and Vassilios Handakas (collectively, "Handakas")[1] in the above matter. This shall serve as Defendants' pre-motion letter regarding Defendants' anticipated motion for summary judgment.
   Through their motion for summary judgment, Vector and Handakas will demonstrate that, except for a brief period of time as to five Plaintiffs, they were not Plaintiffs' employers.[2] Vector and Handakas will demonstrate that, for the most part, they did not individually employ Plaintiffs. They will also demonstrate that they were not the joint employers of Plaintiffs with Defendant North Star Strategy, Inc. (d/b/a North Star Strategy) ("North Star") and are not a single employer of Plaintiffs with North Star.

  **A.** **General Legal Standard**
   "A plaintiff seeking relief under [the Fair Labor Standards Act and New York Labor Law] must establish the existence of an employer-employee relationship between the plaintiff and the relevant defendant. . . . Whether a plaintiff was employed by a defendant may be resolved as a matter of law if the relevant underlying evidence is undisputed." *Roelcke v. Zip Aviation, LLC*, 2021 WL 5491395, at *5 (S.D.N.Y. Nov. 23, 2021). Under the Fair Labor Standards Act ("FLSA"), an employer "includes any person acting directly or indirectly in the interest of

---

[1] Bill Handakas and Vassilios Handakas are the same individual. Rule 56.1 Statement at 1.
[2] Vector admits that it employed five of the Plaintiffs for a short period of time. Rule 56.1 Statement at ¶¶ 33–41. However, during this period, Vector paid these Plaintiffs all of their wages. Rule 56.1 Statement at ¶ 42. Further, as to four of these Plaintiffs, they were not on Vector's payroll during the periods in which they claim they were employed by Defendants, Rule 56.1 Statement at ¶¶ 32–39, so Vector and Handakas will move for full summary judgment against them for lack of an employer-employee relationship during the relevant time periods. Vector and Handakas will move for partial summary judgment against the remaining Plaintiff of this group, Rule 56.1 Statement at ¶¶ 39–41, to limit his causes of action to the brief periods of time when he was on Vector's payroll and claims he was employed by Vector and a ruling that he was paid in full when he was on Vector's payroll.

an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Similarly, under the New York Labor Law ("NYLL"), an employer "means the person employing any such mechanic, workingman or laborer, whether the owner, proprietor, agent, superintendent, foreman or other subordinate." N.Y. Lab. Law § 2(6); *see also* N.Y. Lab. Law § 651(6) ("'Employer' includes any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer in any occupation . . . .").

"The definition of employer and analysis for determining whether an employer/employee relationship exists under the NYLL are parallel to that of the FLSA." *Fernandez v. Kinray, Inc.*, 406 F.Supp.3d 256, 261 n.3 (E.D.N.Y. 2018); *see also Hong v. Mito Asian Fusion, Inc.*, 2021 WL 5409267, at *3 (E.D.N.Y. Aug. 9, 2021) ("The definition of 'employer' under the FLSA has been consistently applied coextensively with the definition of 'employer' under" [NYLL] § 651(6).).

### B.   Handakas and Vector Did Not Employ Plaintiffs

"[W]hether an employer-employee relationship exists for purposes of the FLSA should be grounded in "economic reality rather than technical concepts." *See, e.g., Barfield v. N.Y.C. Health and Hospitals Corp*, 537 F.3d 132, 141 (2d Cir. 2008). This is a flexible concept that is determined on a case-by-case basis based on a review of the totality of the circumstances. *Id.* at 141–42. Factors to consider include, but are not limited to, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 152 (citation omitted). The "economic reality" test is used to determine "whether managers or owners are employers." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). "The underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees: 'control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.'" *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (citation omitted). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Irizarry*, 722 F.3d at 110. A manager must have "some degree of individual involvement in a company in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation" to be an employer. *Irizarry*, 722 F.3d at 109.

Vector and Handakas will demonstrate that the economic reality shows that they did not employ Plaintiffs because they had no operational control over Plaintiffs. They had no power to hire and fire Plaintiffs. Rule 56.1 Statement at ¶¶ 19, 69, 70. They did not supervise and control Plaintiffs' work schedules and conditions of employment. Rule 56.1 Statement at ¶¶ 18, 24, 73. They did not determine Plaintiffs' rate and method of payment. Rule 56.1 Statement at ¶¶ 25, 26, 27. They did not maintain employment records for Plaintiffs. Rule 56.1 Statement at ¶ 31. They did not issue 1099 or W-2 forms to Defendants. Rule 56.1 Statement at ¶ 53. In effect, Vector engaged North Star to supply all employees for the Yonkers Project. Beyond that, Vector had zero role in determining the nature or conditions of their employment.

### C.   Handakas and Vector were not, with North Star and Sergio Doe, the Joint Employers of Plaintiffs

To determine whether Handakas and Vector are the joint employer of Plaintiffs also depends on the circumstances viewed in light of the economic reality of the whole activity. *Zheng v. v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003). Factors to consider include, but are not limited to, "(1) whether [Handakas and Vector's] premises and equipment were used for the

plaintiffs' work; (2) whether [] [Handakas, Vector, North Star, and Sergio Doe] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [Handakas and Vector's] process of production; (4) whether responsibility under the contracts could pass from [Vector and Handakas to North Star] to another without material changes; (5) the degree to which the [Handakas and Vector] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [] [Handakas and Vector].' *Zheng*, 355 F.3d at 72.

Vector and Handakas will demonstrate that the economic reality shows that they were not Plaintiffs' joint employers. Plaintiffs never went to their premises. Rule 56.1 Statement at ¶ 55. Plaintiffs used their own equipment, not that of Vector and Handakas. Rule 56.1 Statement at Rule 56.1 Statement at ¶ 56. Handakas and Vector's business could not and did not shift from one putative joint employer to another. Rule 56.1 Statement at ¶ 63. Handakas and Vector played no role in supervising Plaintiffs' work. Rule 56.1 Statement at ¶¶ 5, 60, 61, 70, 73, And Plaintiffs did not work at all for Handakas and Vector, aside from a brief period for a subset of Plaintiffs. Rule 56.1 Statement at ¶¶ 29–42, 49–50.

### D.   Vector and Handakas are not part of a single enterprise with North Star and Sergio Doe

Finally, there can be no question that Vector and Handakas are not Plaintiffs' employers on a single enterprise theory. "'A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise.'" *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citations and quotation marks omitted); *see also Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, 2016 WL 5092588, at *16 (E.D.N.Y. Sept. 19, 2016) (the "doctrine allows for multiple defendants to be 'jointly and severally liable' for any FLSA and NYLL violations"). "To establish single employer liability, courts employ a four-factor test, analyzing the extent of: (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Ying Ying Dai v. ABNS NY Inc.*, 490 F.Supp.3d 645, 661 (E.D.N.Y. 2020). Although no one factor is dispositive, "control of labor relations is the central concern." *Id.* (citation omitted). *Berzinger v. Lukoil Pan Americas, LLC*, 447 F.Supp.3d 99, 133–34 (S.D.N.Y. 2020)

Vector and North Star are in no way a single integrated enterprise. They do not have interrelated operations. Rule 56.1 Statement at ¶¶ 62, 70, 72. They do not have a centralized control of labor relations. Rule 56.1 Statement at ¶¶ 69, 71, 73–74. They do not have common management. Rule 56.1 Statement at ¶¶ 69, 71. And they do not have common ownership or financial control. Rule 56.1 Statement at ¶¶ 64–68. In fact, the only relationship between them is that Vector hired North Star to supply workers at construction projects. Rule 56.1 Statement at ¶ 8.

Thank you for your consideration.

Very truly yours,

Michael M. Rabinowitz
Cc:   **Via ECF**
      CSM Legal, P.C.