UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALEJANDRO MANUEL ZAPATA OSORIO,
ARTURO DEL RAZO, BRAULIO
ROLANDO CASHABAMBA CHANGO,
BYRON SALVADOR BARRERA SANCHEZ,
CARLOS E. SIERRA RODRIGUEZ, EDWIN
FABRICIO CASHABAMBA TUBON, JESUS
SIERRA, JUAN SIERRA, RAMON ROSALES
GALVEZ, RAUL CHAVEZ DIAZ, SEGUNDO
LEANDRO ALULEMA GUANO, SEGUNDO
NICOLAS SIGUENCIA ENCALADA, and
WILDER RODRIGUEZ, *individually and on behalf
of others similarly situated*,

                        Rule 56.1 Statement

                        Case No. 1:19-cv-04896-LDH-ST

Plaintiffs,

- vs -

VECTOR STRUCTURAL PRESERVATION CORP.
(D/B/A VECTOR STRUCTURAL PRESERVATION),
NORTH STAR STRATEGY, INC.
(D/B/A NORTH STAR STRATEGY, INC.), BILL
HANDAKAS, BILL HANDAKAS, VASSILIOS
HANDAKAS , and SERGIO DOE,

Defendants.
----------------------------------------------------------------X

      Defendants Vector Structural Preservation Corp. (d/b/a Vector Structural Preservation) (hereinafter referred to as "Vector"), Bill Handakas, and Vassilios Handakas (collectively referred to as "Handakas"),[1] by and through their attorneys, Rabinowitz, Galina & Rosen, Esqs., hereby submits its Statement of Material Facts pursuant to Local Rule 56.1.

### I. PLAINTIFF'S STATEMENT OF MATERIAL FACTS

      1.    Vector is a construction company. Deposition of Vassilios Handakas, which is annexed hereto as Exhibit "A", at 17:18–19.

---

[1] Bill Handakas and Vassilios Handakas are the same individual. Exhibit "A" to the Rabinowitz Declaration at 14:21–15:2; Handakas Declaration at ¶ 2.

2. Handakas was a manager at Vector. Exhibit "A" to the Rabinowitz Declaration at 15:10–15; Handakas Declaration at ¶ 1.

3. Handakas has no ownership interest in Vector. Exhibit "A" to the Rabinowitz Declaration at 15:16–20; Handakas Declaration at ¶ 1.

4. As part of his responsibilities as a manager at Vector, Handakas supervised Vector employees. Exhibit "A" to the Rabinowitz Declaration at 17:13–17.

5. Handakas did not supervise employees that did not work for Vector. Exhibit "A" to the Rabinowitz Declaration at 17:15 – 17.

6. Vector was retained to perform construction work at a project in Yonkers, New York (the "Yonkers Project"). Exhibit "A" to the Rabinowitz Declaration at 33:24–34:4.

7. Vector performed its work at the Yonkers Project from on or about March, 2018 through on or about June, 2020. Handakas Declaration at ¶ 3.

8. Vector retained North Star Strategy, Inc. ("North Star") to provide workers at the Yonkers Project. Exhibit "A" to the Rabinowitz Declaration at 37:6–21; Handakas Declaration at ¶ 4.

9. North Star began to provide workers to the Yonkers Project on or about June 23, 2018. Exhibit "A" to the Rabinowitz Declaration at 56:20–57:2.

10. Vector similarly retained an entity known as South Side Services ("South Side") to provide workers at the Yonkers Project. Handakas Declaration at ¶ 4.

11. North Star and South Side are both owned by Sal Almonte ("Almonte") and are, for all intents and purposes, the same entity. Exhibit "A" to the Rabinowitz Declaration at 25:17–20; Handakas Declaration at ¶ 5.

12. Vector retained North Star and South Side so that Vector did not have to expend any effort to find employees. Exhibit "A" to the Rabinowitz Declaration at 31:12–20.

13. Defendant Sergio Doe ("Sergio") supervised Plaintiffs at the Yonkers Project. Deposition of Wilder Rodriguez, which is annexed to the Rabinowitz Declaration as Exhibit "B", at 22:13–17; Deposition of Carlos E. Sierra, which is annexed to the Rabinowitz Declaration as Exhibit "C", at 25:18–22; Deposition of Omar Delrazo, which is annexed to the Rabinowitz Declaration as Exhibit "D", at 26:3–5; Handakas Declaration at ¶¶ 14–16.

14. Sergio worked for North Star, not Vector. Exhibit "A" to the Rabinowitz Declaration at 24:17–22, 39:8–14; Handakas Declaration at ¶ 14.

15. Sergio never worked for Vector or Handakas. Exhibit "A" to the Rabinowitz Declaration at 24:17–22.

16. Almonte, not Vector or Handakas, hired Sergio to work as a supervisor. Exhibit "A" to the Rabinowitz Declaration at 25:10–16; *see also id.* at 19:13–25.

17. Sergio was present at the Yonkers Project daily for the vast majority of the Yonkers Project. Exhibit "A" to the Rabinowitz Declaration at 39:15–20.

18. Sergio was the only person to direct Plaintiffs at the Yonkers Project. Exhibit "D" to the Rabinowitz Declaration at 26:6–10; Handakas Declaration at ¶¶ 14–15.

19. Sergio, not Vector or Handakas, hired at least some of the Plaintiffs for the work at the Yonkers Project. Exhibit "B" to the Rabinowitz Declaration at 14:10–15:8.

20. Handakas has limited interactions with Sergio. Exhibit "A" to the Rabinowitz Declaration at 41:12–15; Handakas Decl. at ¶ 14.

21. The purpose of Handakas's interactions with Sergio was as part of weekly job meetings at the Yonkers Project. Exhibit "A" to the Rabinowitz Declaration at 40:9–16; Handakas Declaration at ¶ 14.

22. Handakas was at these meetings solely because he was required to be, and he did not contribute to these meetings. Exhibit "A" to the Rabinowitz Declaration at 41:2–11; Handakas Declaration at ¶ 14.

23. Handakas was at the Yonkers Project once per week solely for purposes of this weekly project meeting. Exhibit "A" to the Rabinowitz Declaration at 40:14–22.

24. North Star had total control over the employees it provided to the Yonkers project, including the ability to fire workers. Exhibit "A" to the Rabinowitz Declaration at 28:25–29:4; Handakas Declaration at ¶ 15.

25. North Star, not Vector, determined the wages of the workers that North Star provided to the Yonkers Project. Exhibit "A" to the Rabinowitz Declaration at 29:5–13.

26. North Star, South Side, and Almonte, not Vector and Handakas, paid Plaintiff their wages. Exhibit "A" to the Rabinowitz Declaration at 48:4–49:15; Handakas Declaration at ¶ 9.

27. Vector had no role in ensuring that North Star complied with federal and state wage laws. Exhibit "A" to the Rabinowitz Declaration at 32:16–33:5.

28. Vector and Handakas had no employment agreement with any North Star employees, including Plaintiffs. Exhibit "A" to the Rabinowitz Declaration at 44:6–15.

29. Plaintiffs Jesus Sierra ("Jesus"), Juan Sierra ("Sierra"), Ramon Rosales Galvez ("Rosales"), Segundo Leandro Alulema Guano ("Alulema"), and Segundo Nicolas Siguencia Encalada ("Siguencia") appear on Vector's payroll. *See generally* Vector's Payroll Register, which is annexed to the Rabinowitz Declaration as Exhibit "E"; *see* Handakas Declaration at ¶ 7.

30. They were on Vector's payroll for this period because a subcontractor left the Yonkers Project and Vector had to keep the project moving until it could retain a new entity to provide workers. Exhibit "A" to the Rabinowitz Declaration at 57:14 – 58:3.

31. These Plaintiff left Vector's employment and were removed from Vector's payroll when Vector retained North Star and South Side to work at the Yonkers Project. When they were removed from Vector's payroll, Vector no longer maintained employment records for these Plaintiffs. Exhibit "A" to the Rabinowitz Declaration at 58:2–12.; Handakas Declaration at ¶¶ 12–13, 22.

32. Jesus claims that he was employed by Defendants from approximately August 6, 2018 until on or about June 28, 2019. Complaint at ¶ 163.

33. Jesus was on Vector's payroll from June 20, 2018 through June 26, 2018. Exhibit "E" to the Rabinowitz Declaration at 5.

34. Sierra claims that he was employed by Defendants from approximately August 2018 until on or about June 28, 2019. Complaint at ¶ 181.

35. Sierra was on Vector's payroll from June 20, 2018 through June 26, 2018. Exhibit "E" to the Rabinowitz Declaration at 7.

36. Rosales claims that he was employed by Defendants from approximately July 2018 until on or about June 28, 2019. Complaint at ¶ 197.

37. Rosales was on Vector's payroll from April 26, 2018 until June 20, 2018. Exhibit "E" to the Rabinowitz Declaration at 12.

38. Alulema claims that he was employed by Defendants from approximately January 28, 2019 until on or about June 21, 2019. Complaint at ¶ 229.

39. Alulema was on Vector's payroll from April 19, 2018 through May 9, 2018. Exhibit "E" to the Rabinowitz Declaration at 13.

40. Siguencia claims that he was employed by Defendants from approximately March 24, 2018 until on or about May 2019. Complaint at ¶ 243.

41. Siguencia was on Vector's payroll from April 12, 2018 through June 20, 2018. Exhibit "E" to the Rabinowitz Declaration at 13.

42. These Plaintiffs were paid in full when they were on Vector's payroll. Exhibit "A" to the Rabinowitz Declaration at 58:13–19; Handakas Declaration at ¶ 11.

43. These Plaintiffs were paid by check, not cash, when they were on Vector's payroll. Handakas Declaration at ¶ 11.

44. Vector and Handakas never took improper and/or illegal deductions from these Plaintiffs when they were on Vector's payroll. Handakas Declaration at ¶ 6.

45. Vector and Handakas never gave Plaintiffs unpaid meal periods and coffee breaks when they were on Vector's payroll. Handakas Declaration at ¶ 8.

46. Vector and Handakas always gave these Plaintiffs notification regarding overtime and wages under the FLSA and NYLL when they were on Vector's payroll. Handakas Declaration at ¶ 7.

47. Vector and Handakas always gave these Plaintiffs accurate statement of wages when they were on Vector's payroll. Handakas Declaration at ¶¶ 7, 10.

48. Vector and Handakas always gave these Plaintiffs notice, in English and in Spanish, of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1) when they were on Vector's payroll. Handakas Declaration at ¶¶ 7, 10.

49. For the vast majority of the complained-of time, these Plaintiffs appeared on the payroll of North Star and South Side, not on Vector's payroll. *See generally* Payrolls for North Star and South Side, which are annexed to the Rabinowitz Declaration as Exhibit "F".

50. The remainder of the Plaintiffs were never on Vector's payroll and were only on North Star's and South Side's payrolls. *See generally* Exhibits "E" and "F" to the Rabinowitz Declaration.

51. Plaintiffs were paid by checks that were from North Star, not by checks from Vector. Exhibit "B" at 10:14–19, 11:7–10, 28:15–29:4; Exhibit "C" to the Rabinowitz Declaration at 17:19–18:9.

52. Some of the Plaintiffs in this matter have never heard of Vector. Exhibit "B" to the Rabinowitz Declaration at 29:5–7.

53. Plaintiffs did not receive 1099 or W-2 forms from Vector. Exhibit "C" to the Rabinowitz Declaration at 37:4–9; Exhibit "D" at 32:6–17.

54. At least some of the Plaintiffs have no knowledge of Handakas. Exhibit "D" to the Rabinowitz Declaration at 33:15–17.

55. None of the Plaintiffs ever visited Vector's facilities. Exhibit "D" to the Rabinowitz Declaration at 27:13–15. Handakas Declaration at ¶ 17.

56. Plaintiffs supplied their own tools when working at the Yonkers Project. Exhibit "A" to the Rabinowitz Declaration at 51:6–23.

57. Del Razo claims that he never worked for North Star. Exhibit "D" to the Rabinowitz Declaration at 35:21–36:2.

58. Del Razo was on North Star's and South Side's payroll for a number of weeks. Exhibit "F" to the Rabinowitz Declaration at 2, 5, 11, 62, 67, 71, 78, 126, 129.

59. Handakas has zero financial interest in North Star and does not own North Star. Handakas Declaration at ¶ 18.

60. Handakas makes no decisions on behalf of North Star. Handakas Declaration at ¶ 18.

61. Handakas is not involved in the management or control of North Star. Handakas Declaration at ¶ 18.

62. Vector and North Star are completely separate entities. Handakas Declaration at ¶¶ 18–21.

63. Vector's business does not shift to North Star in any manner, and North Star's business does not shift to Vector in any manner. Handakas Declaration at ¶ 18.

64. Vector and North Star do not have common ownership. Handakas Declaration at ¶ 19.

65. Vector does not own North Star. Handakas Declaration at ¶¶ 19, 21.

66. North Star does not own Vector. Handakas Declaration at ¶¶ 19, 21.

67. Vector has no financial control over North Star. Handakas Declaration at ¶ 21.

68. North Star has no financial control over Vector. Handakas Declaration at ¶ 21.

69. Vector does not manage North Star. Handakas Declaration at ¶ 20.

70. Vector does not make any operational decisions on behalf of North Star. Handakas Declaration at ¶¶ 20, 21.

71. North Star does not manage Vector. Handakas Declaration at ¶¶ 20, 21.

72. North Star does not make any operational decisions on behalf of Vector. Handakas Declaration at ¶ 20.

73. Vector does not direct North Star employees. Handakas Declaration at ¶ 21.

74. North Star does not direct Vector employees. Handakas Declaration at ¶ 21.

Dated: April 26, 2022
      Mineola, New York

                                      Rabinowitz, Galina & Rosen
                                      *Attorneys for Plaintiff*

                                      By: Michael M. Rabinowitz
                                      94 Willis Avenue
                                      Mineola, New York 11501
                                      (516) 739-8222