UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO MANUEL ZAPATA OSORIO, ARTURO DEL RAZO, BRAULIO ROLANDO CASHABAMBA CHANGO, BYRON SALVADOR BARRERA SANCHEZ, CARLOS E. SIERRA RODRIGUEZ, EDWIN FABRICIO CASHABAMBA TUBON, JESUS SIERRA, JUAN SIERRA, RAMON ROSALES GALVEZ, RAUL CHAVEZ DIAZ, SEGUNDO LEANDRO ALULEMA GUANO, SEGUNDO NICOLAS SIGUENCIA ENCALADA, and WILDER RODRIGUEZ *individually and on behalf of others similarly situated*,<br><br>                                    *Plaintiffs,*<br><br>- vs -<br><br>VECTOR STRUCTURAL PRESERVATION CORP. (D/B/A VECTOR STRUCTURAL PRESERVATION), NORTH STAR STRATEGY, INC. (D/B/A NORTH STAR STRATEGY, INC.), BILL HANDAKAS , BILL HANDAKAS , VASSILIOS HANDAKAS , and SERGIO DOE<br>                                    *Defendants.* | Case No. 19-cv-04896-LDH-ST<br><br>**PLAINTIFF'S RULE 56.1 STATEMENT** |

Alejandro Manuel Zapata Osorio, Arturo del Razo, Braulio Rolando Cashabamba Chango, Byron Salvador Barrera Sanchez, Carlos E. Sierra Rodriguez, Edwin Fabricio Cashabamba Tubon, Jesus Sierra, Juan Sierra, Ramon Rosales Galvez, Raul Chavez Diaz, Segundo Leandro Alulema Guano, Segundo Nicolas Siguencia Encalada, and Wilder Rodriguez("Plaintiffs"), by and through their attorneys, CSM Legal, P.C., hereby submit their Statement of Material Facts pursuant to Local Rule 56.1 and in response to Defendants' Statement of Material Facts.

**Responses to Defendants' Statement of Material Facts**

1. Admitted.

2. Admitted that this is the substance of Defendant's testimony.

3. Admitted that this is the substance of Defendant's testimony.

4. Admitted that this is the substance of Defendant's testimony.

5. Admitted that this is the substance of Defendant's testimony.

6. Admitted that this is the substance of Defendant's testimony.

7. Admitted.

8. Admitted that this is the substance of Defendant's testimony.

9. Admitted that this is the substance of Defendant's testimony.

10. Admitted that this is the substance of Defendant's testimony.

11. Admitted that this is the substance of Defendant's testimony.

12. Admitted that this is the substance of Defendant's testimony.

13. Admitted.

14. Admitted that this is the substance of Defendant's testimony.

15. Admitted that this is the substance of Defendant's testimony.

16. Admitted that this is the substance of Defendant's testimony.

17. Admitted.

18. Admitted.

19. Admitted.

20. Disputed. Ex. D to Rabinowitz Dec. at 18:16-18; Ex. B to Rabinowitz Dec. at 21:4-10; Ex. C to Rabinowitz Dec. at 35:11-25, 36 2-3; Rosales Dec. ¶ 11; Siguencia Dec, ¶ 12)

21. Disputed. Ex. D Deposition 18:16-18; Ex. B to Rabinowitz Dec. at 21:4-10; Ex. C to Rabinowitz Dec. at 35:11-25, 36 2-3; Rosales Dec. ¶ 11.; Siguencia Declaration ¶ 12); J. Sierra Dec. ¶ 13, 15).

22. Admitted that this is the substance of Defendant's testimony.

23. Admitted that this is the substance of Defendant's testimony.

24. Disputed. Ex. D to Rabinowitz Dec. 18:16-18; Ex. B to Rabinowitz Dec. at 21:4-10; C. Sierra Deposition 35:11-25, 36 2-3; Rosales Dec. ¶ 11. Siguencia Declaration ¶ 12); J. Sierra Dec. ¶ 13, 15).

25. Disputed. (J. Sierra Dec. ¶ 2-3;  Siguencia Dec. ¶ 2)

26. Disputed. Ex.  B to Rabinowitz Dec. at 23:4-10, Ex. D to Rabinowitz Dec. at 24:15-24; Siguencia Dec. ¶ 9, 11-12; Rosales Dec. ¶ 14; J. Sierra Dec. ¶ 15).

27. Admitted that this is the substance of Defendant's testimony.

28. Disputed. (J. Sierra Dec. ¶ 2-3;  Siguencia Dec. ¶ 2)

29. Admitted.

30. Admitted that this is the substance of Defendant's testimony.

31. Admitted that this is the substance of Defendant's testimony.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted

37. Admitted.

38. Admitted

39. Admitted

40. Admitted.

41. Admitted.

42. Disputed.

43. Admitted.

44. Admitted.

45. Admitted.

46. Disputed. Siguencia Dec. ¶ 3; Rosales Dec. ¶ 5; J. Sierra Dec. ¶ 5

47. Disputed. Siguencia Dec. ¶ 3-4; Rosales Dec. ¶ 5-6; J. Sierra Dec. ¶ 5-6

48. Disputed. Siguencia Dec. ¶ 3-4; Rosales Dec. ¶ 5-6; J. Sierra Dec. ¶ 5-6

49. Admitted that this is the substance of Defendant's testimony.

50. Admitted that this is the substance of Defendant's testimony.

51. Admitted that this is the substance of Defendant's testimony.

52. Disputed. That Mr. Del Razo did not recall Vector's name at the time of his deposition does not mean he has never heard of them.

53. Admitted.

54. Disputed. That Mr. Del Razo did not recall Mr. Handakas's name at the time of his deposition does not mean he has never heard of him.

55. Disputed. J. Sierra Dec. ¶ 2; Ex. C to Rabinowitz Dec. at 23:21-25, 24:2-19.

56. Admitted

57. Admitted

58. Admitted that this is information contained in exhibit.

59. Admitted that this is the substance of Defendant's testimony.

60. Admitted that this is the substance of Defendant's testimony.

61. Admitted that this is the substance of Defendant's testimony.

62. Admitted that this is the substance of Defendant's testimony.

63. Admitted that this is the substance of Defendant's testimony.

64. Admitted that this is the substance of Defendant's testimony.

65. Admitted that this is the substance of Defendant's testimony.

66. Admitted that this is the substance of Defendant's testimony.

67. Admitted that this is the substance of Defendant's testimony.

68. Admitted that this is the substance of Defendant's testimony.

69. Admitted that this is the substance of Defendant's testimony.

70. Admitted that this is the substance of Defendant's testimony.

71. Admitted that this is the substance of Defendant's testimony.

72. Admitted that this is the substance of Defendant's testimony.

73. Disputed. Ex. C to Rabinowitz Dec. at 23:21-25, 24:2-19.

74. Admitted.

75. Admitted that this is the substance of Defendant's testimony.

### Plaintiff's Statement of Material Facts

76. The Plaintiffs were employed as construction workers at a construction site located in Yonkers, New York. (Ex. B to Rabinowitz Dec. at 10:3-5, Ex. C to Rabinowitz Dec. at 18:4-6, Ex. D to Rabinowitz Dec. at 14:1, J. Sierra Dec. ¶ 7, Rosales Dec. ¶ 4, Siguencia ¶ 2),

77. Vector had a contract to provide construction services at this jobsite in Yonkers. (Ex. A to Rabinowitz Dec. at 35:22-25, Ex. A to Errington Dec.)

78. Vector began to provide construction services at the Yonkers site in or around March of 2018. (Handakas Dec. ¶ 3)

79. Several of the Plaintiffs appear on Vector's payroll in connection with work performed on this job site. These Plaintiffs are Jesus Sierra, Ramon Rosales, Segundo Alulema, and Segundo Siguencia. (Ex.E to Rabinowitz Dec.)

80. Vector did not provide wage notices, or wage statements with every payment of wages. (Sierra Dec. ¶¶ 5-6; Siguencia Dec. ¶¶ 3-4; Rosales Dec. ¶¶ 5-6)

81. These Plaintiffs, along with the other Plaintiffs subsequently hired, continued to perform work on the Yonkers construction site. (Sierra Dec. ¶¶ 8-9; Siguencia Dec. ¶ 5, Rosales Dec. ¶¶ 7,10).

82. At no time were these workers told that they would be working for a company called North Star. (Siguencia Dec. ¶ 8; Rosales Dec. ¶ 7; J. Sierra Dec. ¶ 9)

83. For those Plaintiffs who were formally on Vector's payroll, nothing changed about their day to day work between the time that they were on Vector's payroll, and the time that they began to receive checks with the name "North Star Strategies" on them. (Siguencia Dec. ¶ 8; Rosales Dec. ¶ 7; J. Sierra Dec. ¶ 9)

84. Sergio received instructions from Bill Handakas. (Ex. B to Rabinowitz Dec at 22:15-25, Ex. D to Rabinowitz Dec. at 18:17-25,19:2-5)

85. At least some of the plaintiffs worked for Vector previous to the project that is the subject matter of this case. (J. Sierra ¶ 4, Rosales ¶ 3, Ex. C to Rabinowitz Dec. at 11:8-25, 12: 1-25, 13:1-14)

86. Salvador Almonte never supervised the Plaintiffs. Many of them do not know who he is. Rosales ¶ 15, J. Sierra ¶ 16, Siguencia ¶13, Ex. C to Rabinowitz Dec. at 28:1-12)

87. Bill Handakas personally hired at least some of the Plaintiffs. (J. Sierra Dec. ¶ 2, Siguencia Dec. ¶ 2).

<u>Dated: May 17, 2022</u>

<u>/s Clela Errington</u><br>
Clela A. Errington, Esq.<br>
CSM Legal, P.C.<br>
60 E. 42nd St. Suite 4510<br>
New York, NY 10165