# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

_____

clela@csm-legal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

May 17, 2022

**Via ECF**
Hon. LaShann DeArcy Hall
United States District
Court United States
Courthouse 225 Cadman
Plaza  Brooklyn, New York
11201

Re:    Osorio, et al. v. Vector Structural Preservation Corp., et al.
       19-cv-4896 (LDH)(ST)

Your Honor:

We represent the Plaintiffs in this action. We write in response a Pre-Motion letter filed by Defendants Handakas and Vector Structural Preservation Corp. (hereinafter the "Vector Defendants" or "Vector") filed on April 26, 2022, and in accordance with the Court's order of April 5, 2022.

In opposition to Vector's Motion for Summary Judgment, the Plaintiffs will demonstrate 1) that there exists insufficient undisputed evidence on the record to make a judgment as a matter of law that the Vector Defendants did not constitute a joint employer of the Plaintiffs and 2) to the record as it stands indicates that the Vector Defendants indeed were joint employers of the Plaintiffs, along with non-appearing Defendant North Star Strategies (hereinafter "North Star.")

## Summary Judgment Standard

Summary judgment is appropriate only when, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Gil v Pizzarotti, LLC*, 2021 US Dist LEXIS 59668, at *8 (SDNY, 2021). A material factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. "*[I]f there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party that supports a finding that a material factual dispute exists, summary judgment is improper." *United Rentals (N. America), Inc. v. Conti Enters., Inc.,* 293 F. Supp. 3d 447, 451 (S.D.N.Y. 2018) (citing *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996).

Several facts in this case are, indeed, undisputed. It is undisputed that all of the plaintiffs worked for various amounts of time on a construction site located in Yonkers, New York. Rule 56.1 Statement ¶ 76. It is undisputed that they worked there subject to a contract entered into between Vector Structural Preservation Corp. and Hudson Meridian Construction Group to provide masonry and associated services. Rule 56.1 Statement ¶ 6. It is undisputed that some of

the Plaintiffs received paychecks that bear the name "North Star Strategies."   Rule 56.1 Statement ¶ 83. Indeed, North Star Strategies "North Star" is named as a Defendant in this lawsuit. However, the question as to whether the Vector Defendants bear joint responsibility for FLSA violations is subject to many disputed sets of facts. Rule 56.1 Statement ¶¶ 20-21, 24-26, 28, 46-48, 52, 54-55, 73.

However, the workplace that is the subject of this litigation was an informal one. As such, the vast majority of evidence in this case is necessarily testimony, some of which conflicts on key matters. It is well settled that where there is conflicting testimony in case, there exists a genuine issue material fact. *Severino v 436 W. L.L.C.,* 2015 US Dist LEXIS 181564, at *24 (SDNY 2015) The Plaintiffs contend that, at minimum, the record reflects genuine disputes of material facts. The record as it stands reflects discrepancies between the testimony of the Defendants and that of the Plaintiffs. Indeed, within the documentation provided by the Defendants in their own motion is disputed. The deposition testimony of Plaintiffs Carlos Sierra, Wilder Rodriguez, and Arturo Omar Del Razo contradicts that of Mr. Handakas on many key issues. Rule 56.1 Statement. Rule 56.1 Statement ¶¶ 20-21, 24, 26, 52, 55, 73. This is further contradicted by Declarations of Plaintiffs Juan Sierra, Ramon Rosales, and Segundo Siguencia. See Plaintiff's Rule 56.1 Statement. This case is rife with the sort of factual disputes that are most properly decided by a jury who may weigh the credibility of each party's testimony.

**The Vector Defendants and North Star Strategies Constitute Joint Employers**

As set forth above, the Plaintiffs feel that there are sufficient disputed facts to warrant submitting the question as to Vector's role in the Plaintiffs' employment to a jury. However, Plaintiffs also posit that the weight of the evidence on the record militates in favor of a finding that North Star and Vector acted as joint employers within the meaning of the FLSA and as such bear joint and several liabilities for their damages.

The Second Circuit has developed two relevant and non-overlapping tests for determining whether a company is an employer within the meaning of the FLSA.  The first, from *Carter v. Dutchess Cmty. Coll..,* 735 F.2d 8, 12 (2d Cir. 1984) queries whether an employer exercised "formal control" over a worker. The relevant factors are as follows: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Id* at 12.

The Plaintiffs' testimony does and will establish that Mr. Handakas had the power to hire and fire them; indeed they have provided testimony that Mr. Handakas did in fact hire some of them. Rule 56.1 Statement ¶ 87.  While Mr. Handakas did not directly supervise the Plaintiffs while at the Yonkers construction site, the Plaintiffs' have provided testimony that he was responsible for supervising their direct supervisor, Sergio Doe. Rule 56.1 Statement ¶ 84.  Mr. Handakas did set the rate and method of payment for at least some of the Plaintiffs. Rule 56.1 Statement ¶ 87.  Further, Vector did maintain employee records in its possession – they provided examples thereof in support of their motion. Rabinowitz Dec.  Ex. E-F.

 Even if a putative joint employer did not exercise formal control, it may nevertheless have exercised sufficient functional control over a worker to satisfy the FLSA definition of

employer. *In re Domino's Pizza Inc.*, No. 16-CV-2492 (AJN)(KNF), 2018 U.S. Dist. LEXIS 169607, at *7 (S.D.N.Y. 2018)

The second test, set forth in *Zheng Liberty Apparel Co.*, 355 F3d 61 (2d Cir 2003 are as follows:

(1) whether [the manufacturer]'s premises and equipment were used for the plaintiffs' work; (2) whether the Contractor Corporations had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the manufacturer]'s process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [the manufacturer] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [the manufacturer]. *Zheng at* 72..

It is clear from the record as it stands that all six *Zheng* factors are either neutral or weigh in favor of the plaintiffs' position that the Vector Defendants and North Star were joint employers. The work performed in this case was undisputedly on a construction site that was under the control of Hudson Meridian Construction Group. Rule 56.1 Statement at ¶ 7. The Plaintiffs worked neither at the offices of Vector or North Star.  However, the Vector Defendants' assertions that the Plaintiffs never went to Vector's premises is disputed. Indeed, both Plaintiffs Carlos Sierra and Juan Sierra Rodriguez report going to Vector's offices and warehouse in the course of their work. Rule 56.1 Statement at ¶ 55.

There is no evidence in the record as to whether North Star had a business that could or did shift from one putative joint employer to another.

The Plaintiffs' work was indeed integral to Vector's business – ie, the performance of its contract with Hudson Meridian. Indeed, providing labor to the construction site is expressly contemplated by said contract. Ex. A to Errington Dec.

The responsibility under Vector's alleged contract with North Star could and indeed did shift from one subcontractor to another. Rule 56.1 Statement at ¶¶ 29-31. The Vector Defendants' own testimony establishes this.

The fifth factor, whether Vector supervised the Plaintiff's work is the subject of disputed facts. It is undisputed that Sergio Doe supervised plaintiffs. However, Mr. Handakas has stated that he did not supervise Sergio, while the Plaintiffs state that he did. Rule 56.1 Statement at ¶84.

During their work on the Yonkers construction site, they only worked there, on a project that Vector was contracted to perform and for Vector's benefit.  Indeed, the only entity who ever sent them elsewhere – to the extent that happened – was Vector - the Plaintiffs who do report moving from site to site during their time working for Vector were sent from one Vector project to another. Rule 56.1 Statement ¶ 85.

For the foregoing reasons, it is the Plaintiffs' contention alternatively that 1) to the extent that there is undisputed evidence on the record, it weighs in favor of concluding that Vector and North Star were joint employers of the Plaintiffs or 2) there is not sufficient undisputed evidence

on the record to conclude one way or the other, and as such this case should be set for trial and said questions put before a jury.

We thank the Court for its time and consideration.

Respectfully Submitted,

/s Clela Errington
Clela A. Errington, Esq.

cc: all counsel via ECF