UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ALEJANDRO MANUEL ZAPATA OSORIO,
ARTURO DEL RAZO, BRAULIO
ROLANDO CASHABAMBA CHANGO,
BYRON SALVADOR BARRERA SANCHEZ,
CARLOS E. SIERRA RODRIGUEZ, EDWIN
FABRICIO CASHABAMBA TUBON, JESUS
SIERRA, JUAN SIERRA, RAMON ROSALES
GALVEZ, RAUL CHAVEZ DIAZ, SEGUNDO
LEANDRO ALULEMA GUANO, SEGUNDO
NICOLAS SIGUENCIA ENCALADA, and
WILDER RODRIGUEZ, *individually and on behalf
of others similarly situated*,

Reply Rule 56.1 Statement

Case No. 1:19-cv-04896-LDH-ST

Plaintiffs,

- vs -

VECTOR STRUCTURAL PRESERVATION CORP.
(D/B/A VECTOR STRUCTURAL PRESERVATION),
NORTH STAR STRATEGY, INC.
(D/B/A NORTH STAR STRATEGY, INC.), BILL
HANDAKAS, BILL HANDAKAS, VASSILIOS
HANDAKAS , and SERGIO DOE,

Defendants.
--------------------------------------------------------------------X

Defendants Vector Structural Preservation Corp. (d/b/a Vector Structural Preservation),

Bill Handakas, and Vassilios Handakas (collectively referred to as "Defendants"), by and

through their attorneys, Rabinowitz, Galina & Rosen, Esqs., hereby submit their Reply Statement

of Material Facts pursuant to Local Rule 56.1.

## I.    DEFENDANTS' REPLY TO PLAINTIFFS' RULE 56.1 STATEMENT

76.    The Plaintiffs were employed as construction workers at a construction site located

in Yonkers, New York. (Ex. B to Rabinowitz Dec. at 10:3–5, Ex. C to Rabinowitz Dec. at 18:4–6,

Ex. D. to Rabinowitz Dec. at 14:1, J. Sierra Dec. ¶ 7, Rosales Dec. ¶ 4, Siguencia ¶ 2,

**Response:** Admit.

77.     Vector had a contract to provide construction services at this jobsite in Yonkers. (Ex. A to Rabinowitz Dec. at 35:22–25, Ex. A to Errington Dec.)

**Response:** Admit that Vector had a contract to provide construction services at the construction site specified in Exhibit A to the Errington Declaration.

78.     Vector began to provide construction services at the Yonkers site in or around March of 2018. (Handakas Dec. ¶ 3)

**Response:** Admit.

79.     Several of the Plaintiffs appear on Vector's payroll in connection with work performed on this job site. These Plaintiffs are Jesus Sierra, Ramon Rosales, Segundo Alulema, and Segundo Siguencia. (Ex. E to Rabinowitz Dec.)

**Response:** Admit.

80.     Vector did not provide wage notices, or wage statements with every payment of wages. (Sierra Dec. ¶¶ 5–6; Siguencia Dec. ¶¶ 3–4; Rosales Dec. ¶¶ 5–6)

**Response:** Deny. Handakas Declaration at ¶¶ 7, 10.

81.     These Plaintiffs, along with the other Plaintiffs subsequently hired, continued to perform work on the Yonkers construction site. (Sierra Dec. ¶¶ 8–9; Siguencia Dec. ¶ 5, Rosales Dec. ¶¶ 7, 10).

**Response:** This statement is vague, as it does not define when the Plaintiffs continued to perform work on the Yonkers construction site or what Plaintiffs this statement refers to, and Defendants deny it on that basis.

82.     At no time were these workers told that they would be working for a company called North Star. (Siguencia Dec. ¶ 8; Rosales Dec. ¶ 7; J. Sierra Dec. ¶ 9)

**Response:** Admit solely to Juan Sierra. Deny as to Siguencia and Rosales, as the cited

portions of their declarations do not make this statement. Deny as to the remaining Plaintiffs, as there is no testimony or other evidence submitted to support this statement as to the remaining Plaintiffs.

83.    For those Plaintiffs who were formally on Vector's payroll, nothing changed about their day to day work between the time that they were on Vector's payroll, and the time that they began to receive checks with the name "North Star Strategies" on them. (Siguencia Dec. ¶ 8; Rosales Dec. ¶ 7; J. Sierra Dec. ¶ 9)

**Response:** Admit that Plaintiff Siguencia states this and that he states this solely in regard to himself, not any other Plaintiff that was formally on Vector's payroll. Deny as to Plaintiff Rosales, as the cited portion of his declaration does not make this statement. Admit that Plaintiff Juan Sierra makes this statement, but emphasize that Plaintiffs do not allege that Juan Sierra was on Vector's payroll with respect to the Yonkers project. *See supra* number 79. Deny as to Jesus Sierra and Segundo Alulema, the other Plaintiffs who appeared on Vector's payroll in connection with the Yonkers project, as they nowhere make this claim.

84.    Sergio received instructions from Bill Handakas. (Ex. B. to Rabinowitz Dec at 22:15–25; Ex. D to Rabinowitz Dec. at 18:17–25; 19:2–5)

**Response:** Deny. Ex. A. to Rabinowitz Declaration at 24:17–25:9; 40:9–41:21; Handakas Declaration at ¶ 15. Further, deny that Ex. B to the Rabinowitz Declaration at 22:15–25 states that Bill Handakas gave Sergio instructions.

85. ..   At least some of the plaintiffs worked for Vector previous to the project that is the subject matter of this case. (J. Sierra ¶ 4, Rosales ¶ 3, Ex. C to Rabinowtiz Dec. at 11:8–25; 12: 1–25, 13:1–14)

**Response:** Admit that Plaintiffs Juan Sierra, Carlos Sierra, and Rosales make this claim.

3

86.     Salvador Almonte never supervised the Plaintiffs. Many of them do not know who he is. Rosales ¶ 15, J. Sierra ¶ 16, Siguencia ¶13, Ex. C to Rabinowitz Dec. at 28:1–12)

**Response**: Admit.

87.     Bill Handakas personally hired at least some of the Plaintiffs. (J. Sierra Dec. ¶ 2, Siguencia Dec. ¶ 2).

**Response:** Admit that Plaintiffs J. Sierra and Siguencia state that Bill Handakas personally hired them.

Dated: June 1, 2022
        Mineola, New York

                                Rabinowitz, Galina & Rosen
                                *Attorneys for Defendants Vector Structural*
                                *Preservation Corp. (d/b/a Vector Structural*
                                *Preservation), Bill Handakas, and Vassilios*
                                *Handakas*

                                By: Michael M. Rabinowitz
                                94 Willis Avenue
                                Mineola, New York 11501
                                (516) 739-8222

4