**RABINOWITZ, GALINA & ROSEN**
Attorneys at Law

June 26, 2022

**Via ECF**
Honorable LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

      Re:    Zapata Osario et al. v. Vector Structural Preservation Corp. et al.
                Case No. 19-cv-04896 (LDH) (ST)

Dear Judge Hall,

      We represent Defendants Vector Structural Preservation Corp. (d/b/a Vector Structural Preservation), Bill Handakas, and Vassilios Handakas (collectively, "Defendants") in the above matter. This shall serve as Defendants' supplemental pre-motion letter regarding Defendants' anticipated motion for summary judgment pursuant to this Court's June 22, 2022 order.

      Through their motion for summary judgment, Defendants will demonstrate that, except for a brief period of time as to five Plaintiffs, they did not employ Plaintiffs.[1] Defendants will demonstrate that they did not jointly Plaintiffs with Defendant North Star Strategy, Inc. (d/b/a North Star Strategy) ("North Star") and are not a single employer of Plaintiffs with North Star.

      **A.**    **Legal Standard**

"A plaintiff seeking relief under [the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL")] must establish the existence of an employer-employee relationship between the plaintiff and the relevant defendant. . . . Whether a plaintiff was employed by a defendant may be resolved as a matter of law if the relevant underlying evidence is undisputed." *Roelcke v. Zip Aviation, LLC*, 2021 WL 5491395, at *5 (S.D.N.Y. Nov. 23, 2021). Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to

---

[1] Vector admits that it employed five of the Plaintiffs for a short period of time. Defendants' SMF at ¶¶ 33–41. However, during this period, Vector paid these Plaintiffs all of their wages. Defendants' SMF at ¶ 42. Plaintiffs purportedly dispute this contention, but they do not cite to the record in doing so, so it should be deemed admitted that Defendants paid these employees in full. Plaintiff's SMF at ¶ 42; *see Severino v. 436 West LLC*, 2015 WL 12559893, at * 3 (S.D.N.Y. March 19, 2015). Further, as to four of these Plaintiffs, they were not on Vector's payroll during the periods in which they claim they were employed by Defendants, Defendants' SMF at ¶¶ 32–39, so Vector and Handakas will move for full summary judgment against them for lack of an employer-employee relationship during the relevant time periods. Vector and Handakas will move for partial summary judgment against the remaining Plaintiff of this group, Defendants' SMF at ¶¶ 39–41, to limit his causes of action to the brief periods of time when he was on Vector's payroll and claims he was employed by Vector and a ruling that he was paid in full when he was on Vector's payroll.

an employee . . . ." 29 U.S.C. § 203(d). "The definition of employer and analysis for determining whether an employer/employee relationship exists under the NYLL are parallel to that of the FLSA." *See, e.g., Fernandez v. Kinray, Inc.*, 406 F.Supp.3d 256, 261 n.3 (E.D.N.Y. 2018).

  **B.**   **Defendants Did Not Employ Plaintiffs**

"[W]hether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *See, e.g.*, *Barfield v. N.Y.C. Health and Hospitals Corp*, 537 F.3d 132, 141 (2d Cir. 2008). This is a flexible concept that is determined on a case-by-case basis based on a review of the totality of the circumstances. *Id.* at 141–42. Factors to consider include, but are not limited to, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 152 (citation omitted). The "economic reality" test is used to determine "whether managers or owners are employers." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). "The underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees: 'control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.'" *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (citation omitted). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Irizarry*, 722 F.3d at 110. A manager must have "some degree of individual involvement in a company in a manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation" to be an employer. *Irizarry*, 722 F.3d at 109.

A second test to determine whether Defendants are the joint employers of Plaintiffs with North Star also depends on the circumstances viewed in light of the economic reality of the whole activity. *Zheng v. v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003). Factors to consider include, but are not limited to, "(1) whether [Defendantss'] premises and equipment were used for the plaintiffs' work; (2) whether [] [Defendants, North Star, and Sergio Doe] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [Defendants'] process of production; (4) whether responsibility under the contracts could pass from [Defendants to North Star] to another without material changes; (5) the degree to which the [Defendants]  or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [] [Defendants].' *Zheng*, 355 F.3d at 72.

Defendants will demonstrate that Plaintiffs have put forth insufficient factual contentions to defeat Defendants' motion for summary judgment. "A non-movant's conclusory allegations without any support from record evidence are insufficient: the non-movant must 'put up or shut up.'" *New York v. EPA*, 525 F.Supp.3d 340, 348 (S.D.N.Y. 2021) (citation omitted). Further, "where assertions in [Plaintiffs'] Local Rule 56.1 statement are unsupported by citations to admissible evidence, [this Court is] free to disregard those assertions." *Severino*, 2015 WL 12559893, at * 3.  For this Court to grant summary judgment, Defendants merely need to "not[e] the absence of evidence that [Defendants] acted as Plaintiffs' employer," which shifts the burden to Plaintiffs to demonstrate a genuine issue of material fact concerning whether Defendants employed Plaintiffs. *Chen v. DG & S NY, Inc.*, 406 F.Supp.3d 216, 221–22 (E.D.N.Y. 2016). Unsupported beliefs that Defendants employed Plaintiffs are insufficient to find an employer-employee relationship. *Chen*, 406 F.Supp.3d at 222.

Defendants will also demonstrate that the economic reality shows that they did not employ Plaintiffs because they had no operational control over Plaintiffs. They had no power to hire and fire Plaintiffs. Defendants' SMF at ¶ 24. Plaintiffs fail to adequately contest that Defendants did not have the ability to fire Plaintiffs, as their citations to the record do not dispute this contention. Plaintiff's SMF at ¶ 24. Defendants did not supervise and control Plaintiffs' work schedules and conditions of employment. Defendants' SMF at ¶¶ 18, 24, 73. Again, Plaintiffs fail to dispute this contention with sufficient citations to the record. Defendants did not determine Plaintiffs' rate and method of payment. Defendants' SMF at ¶¶ 25, 26, 27. Again, Plaintiffs do not adequately contest this. Plaintiff's SMF at ¶¶ 25, 26. It is uncontested that Defendants did not maintain employment records for Plaintiffs. Defendants' SMF at ¶¶ 28, 31. This is not adequately disputed by Plaintiffs. Plaintiff's SMF at ¶ 28. It is uncontested that Defendants did not issue 1099 or W-2 forms to Plaintiffs. Defendants' SMF at ¶ 53. In effect, Vector engaged North Star to supply all employees for the Yonkers Project. Beyond that, Vector had zero role in determining the nature or conditions of their employment. Further, Plaintiffs' argument that Handakas employed them boils down to their subjective belief that Handakas was their boss, which is insufficient to demonstrate an employment relationship. *Chao v. Vidtape, Inc.*, 196 F.Supp.2d 281, 291 (E.D.N.Y. 2002).

As for the *Zheng* factors, it is undisputed that Defendants' premises and equipment was not used for Plaintiffs' work. Defendants' SMF at ¶ 56. It is undisputed that Defendants' and North Star's business did not shift between each other. Defendants' SMF at ¶ 63. Plaintiffs did not perform a discrete line item job that was essential to Defendants' business. Defendants' SMF at ¶ 12. And they have not met their burden to show the degree that Defendants supervised Plaintiffs' work and that Plaintiffs worked exclusively or predominately for Defendants. *See generally* Plaintiff's SMF.

Given the absence of evidence that Defendants employed Plaintiffs, it will be Plaintiffs' burden to demonstrate an employment relationship, which they will be unable to show.

### C. Vector and Handakas are not part of a single enterprise with North Star and Sergio Doe

Finally, there can be no question that Vector and Handakas are not Plaintiffs' employers on a single enterprise theory. "'A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise.'" *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citations and quotation marks omitted); *see also Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, 2016 WL 5092588, at *16 (E.D.N.Y. Sept. 19, 2016) (the "doctrine allows for multiple defendants to be 'jointly and severally liable' for any FLSA and NYLL violations"). "To establish single employer liability, courts employ a four-factor test, analyzing the extent of: (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Ying Ying Dai v. ABNS NY Inc.*, 490 F.Supp.3d 645, 661 (E.D.N.Y. 2020). Although no one factor is dispositive, "control of labor relations is the central concern." *Id.* (citation omitted). *Berzinger v. Lukoil Pan Americas, LLC*, 447 F.Supp.3d 99, 133–34 (S.D.N.Y. 2020)

Vector and North Star are in no way a single integrated enterprise. They do not have interrelated operations. Defendants' SMF at ¶¶ 62, 70, 72. They do not have a centralized control of labor relations. Defendants' SMF at ¶¶ 69, 71, 73–74. They do not have common management. Defendants' SMF at ¶¶ 69, 71. And they do not have common ownership or financial control. Defendants' SMF at at ¶¶ 64–68. In fact, the only relationship between them is that Vector hired North Star to supply workers at construction projects. Defendants' SMF at ¶ 8.

      Thank you for your consideration.

Very truly yours,

/s/ Daniel P. Rabinowitz
Daniel P. Rabinowitz
Cc:    **Via ECF**
      CSM Legal, P.C.